UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAMIRO F. AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-158 |
| | § | |
| W.L. FLOWERS MACHINE & WELDING CO., INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER

On this day came on to be considered Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim and Alternatively, Motion for a More Definite Statement (the "Motion"). (D.E. 4.) For the reasons stated herein, Defendant's Motion is GRANTED (D.E. 4), but Plaintiff Ramiro Aguirre is granted leave to file an amended complaint no later than July 14, 2011.

**I.  Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

**II.  Factual and Procedural Background**

Plaintiff Ramiro Aguirre filed this action in this Court on May 10, 2011. He states that he was employed as a welder by Defendant W. L. Flowers Machine & Welding Co., Inc. for 29 years. In October 2009, he was diagnosed with "a medical condition that affected his ability to work full-time as a welder." (D.E. 1 at 2.) At first,

the parties agreed that Plaintiff would not work more than 45 hours per week, and this continued for several months.  In June 2010, however, Defendant allegedly demanded that Plaintiff work 12 hours per day, 7 days per week, or he would be discharged.  Due to his medical condition, Plaintiff could not work these hours.  Plaintiff states that he was then made to train a younger worker, and was subsequently discharged at age fifty-five.  (D.E. 1 at 2-3.)  Plaintiff brings claims for age and disability discrimination, under the ADEA and ADA respectively.  (D.E. 1 at 3-4.)  Specifically with respect to his disability discrimination claim, Plaintiff claims that he "was disabled and/or that the defendant perceived him to be disabled and that it was this perceived and/or actual disability that was a motivating factor in the defendant's decision to discharge his employment."  (D.E. 1 at 4.)  He also states that he had no limitations that would impair his ability to reasonably perform his essential job functions, if accommodations were made only with respect to the hours he was made to work each week.  (D.E. 1 at 4.)  Plaintiff seeks compensatory and exemplary damages.  (D.E. 1 at 5.)

Defendant filed its Motion on June 30, 2011, seeking dismissal pursuant to Rule 12(b)(6), or, alternatively, a more definite statement pursuant to Rule 12(e).  (D.E. 4.)  Plaintiff responded on July 5, 2011.  (D.E. 6.)

### III.   Discussion

#### A.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's Complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations' are not required."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007)). The complaint, however, must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." Id. at 1949–50.

In contrast to a Rule 12(b)(6) Motion, a Rule 12(e) Motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Rule 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Davenport v. Rodriguez, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

   B.   Analysis

Defendant argues that Plaintiff's disability discrimination claim should be dismissed, essentially because Plaintiff failed to identify his disability or perceived disability, and therefore has "failed to allege facts that would establish that he has a disability." (D.E. 4 at 2.) In the alternative, Defendant claims that Plaintiff's Complaint

is too vague or ambiguous because he "fails to state facts that show his alleged disability or perceived disability." (D.E. 4 at 3.) Plaintiff strongly disagrees, arguing that Defendant's motion is frivolous, and that his physical disability is well known to Defendant from the previous interactions between the parties. Plaintiff also contends that Defendant's alternative Rule 12(e) motion should be denied. (D.E. 6 at 1-4.)

Under the ADA, the term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual," a "record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. § 12102(2)(A).[1] The prima facie case for disability discrimination requires a plaintiff to demonstrate: "(1) [h]e is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably then non-disabled employees." Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 511 (5th Cir. 2003).

In this case, Plaintiff's reference to a "medical condition" that limited him to working no more than forty-five hours per week does not adequately allege the existence of a "disability" as defined by the ADA, as it neither states the nature of the impairment nor the manner in which Plaintiff's major life activities are substantially limited. The possibility that Defendant is otherwise aware of Plaintiff's impairment does not relieve

---

[1] The Court references the amended version of the ADA, after enactment of the ADA Amendments Act of 2008, which became effective January 1, 2009. Pub. L. No. 110-325, 122 Stat. 3553. The relevant conduct in this case is alleged to have occurred in 2010, after the Act's effective date.

Plaintiff of the applicable pleading standards.[2]  The Fifth Circuit has dismissed actions for failure to state a claim when the nature of the plaintiff's disability was not sufficiently alleged.  For example, in the context of a disability claim against the federal government, the court noted that the plaintiff did "not state the nature of her disability or its imposed limitations on her life," and therefore affirmed the district court's dismissal of the suit for failure to state a claim.  Dark v. Potter, 293 Fed. Appx. 254, 258-59 (5th Cir. 2008); see also Sherman v. Dallas ISD, 2011 WL 477500, at *10 (N.D. Tex. Jan. 24, 2011) (dismissing suit for failure to state a claim in part because plaintiff did "not make any factual allegations sufficient to show that he has a physical or mental impairment that substantially limits a major life activity, has a record of such an impairment, or is regarded as having such an impairment"); Swanson v. Aegis Comm'ns Group, Inc., 2010 WL 1779666, at *3 (N.D. Tex. Mar. 22, 2010), adopted by 2010 WL 1779664 ("[Plaintiff's] ADA claim fails to allege facts which are plausibly sufficient to establish that he was under a 'disability' as that term is defined in the ADA and the case law interpreting the same. Therefore, [Plaintiff's] amended complaint fails to state a plausible claim for relief under the ADA.").

Without alleging the nature of his disability or level of impairment, it cannot be determined whether Plaintiff is "disabled" as that term is defined in the ADA, and Plaintiff has therefore failed to state a claim.[3]  Nevertheless, Plaintiff's failure to state the nature of his disability does not require dismissal of this action.  Instead, the Court grants

---

[2] This is especially so in light of the fact that not every impairment qualifies as a "disability" under the ADA.  See Miles-Hickman v. David Powers Homes, Inc., 589 F. Supp. 2d 849, 859 (S.D. Tex. 2008) (citing Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002)) ("Merely having an impairment does not make one disabled for purposes of the ADA.  The impaired individual must further demonstrate that the impairment substantially limits a major life activity.").

[3] The only limitation Plaintiff alleges is "not being able to work more than 45 hours per week." (D.E. 1 at 2.)  This alone is insufficient to allege a substantial limitation of one or more major life activities.

Plaintiff an opportunity to amend his complaint to allege facts necessary to establish that he has a "disability" under the ADA. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Swidriski v. City of Houston, 31 Fed. Appx. 154, 2001 WL 1748238, at *2 (5th Cir. 2001) ("The usual custom upon granting a motion to dismiss is to allow an opportunity to replead."); see also Pension Advisory Group, Ltd. v. Country Life Ins. Co., __ F. Supp. 2d __, 2011 WL 649350 (S.D. Tex. 2011) (ordering claims to be repled). Plaintiff shall file an amended complaint no later than July 14, 2011.

As the Court has concluded that Defendant's Rule 12(b)(6) motion should be granted, it need not consider the alternative Rule 12(e) motion.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim and Alternatively, Motion for a More Definite Statement is GRANTED (D.E. 4), but the Court grants Plaintiff Ramiro Aguirre leave to file an amended complaint no later than July 14, 2011.

SIGNED and ORDERED this 7th day of July, 2011.

_____
Janis Graham Jack
Senior United States District Judge